Filed 10/1/13  P. v. Plumley CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TERESA SUE PLUMLEY,<br><br>    Defendant and Appellant. | B246084<br><br>(Los Angeles County<br>Super. Ct. No. VA126389) |

THE COURT:[*]

Appellant Teresa Sue Plumley appeals from the judgment in which a jury convicted her of first degree burglary with a person present, a felony (Pen. Code, § 459) and petty theft with a prior theft-related conviction and a prior strike conviction, a felony (Pen. Code, §§ 666, subd. (b), 484, subd. (a)).  The jury also found true the allegations that appellant had suffered prior convictions.

On the date scheduled for sentencing, appellant submitted a letter to the trial court, which was deemed to be a request for a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).  Appellant was upset that her lawyer had not called certain

---

[*]    ASHMANN-GERST, Acting P. J., CHAVEZ, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

witnesses. Defense counsel explained that the potential witnesses had been interviewed and were determined to be unhelpful to appellant's case, so the tactical decision was made not to call them to testify. The trial court denied the *Marsden* motion.

The trial court sentenced appellant to seven years in state prison, consisting of the low term of two years for the burglary conviction, plus five years for one prior conviction (Pen. Code, § 667, subd. (a)(1)) (the trial court struck the true findings on the other prior convictions). A two-year sentence on the petty theft conviction was stayed pursuant to Penal Code section 654. Appellant received 145 days of custody credit, consisting of 127 actual days plus 18 days of conduct credit.

We appointed counsel to represent appellant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues pertaining to the convictions were raised. Appointed counsel did, however, assert that appellant should have received one additional day of conduct credit. We agree.[1]

On July 26, 2013, we advised appellant that she had 30 days within which to personally submit any contentions or issues that she wished us to consider. After requesting an extension, on August 14, 2013, appellant submitted a response in which she proclaimed her innocence, without any citation to the record.

We have reviewed the entire record and conclude that it provides a factual basis to support the convictions. The prosecutor presented the following evidence: Late on September 2 or early September 3, 2012, Maryann Guerra (Guerra) was awakened by the sound of something breaking. She got up and saw appellant in her living room. Appellant lived three doors away in the same apartment complex. Appellant was "angry

---

[1]     Appointed counsel stated the following in a footnote in the brief: "A letter to the trial court was mailed on May 31, 2013, requesting correction of conduct credits, with a copy sent to this Court. On June 4, 2013, the trial court issued a minute order stating that having read and considered counsel's request to correct the credits, it would 'take[] no action until orders are received from the appellate court.' A true copy [of the order] is attached as Exhibit A." At our request, appellant's appointed counsel provided a copy of the letter he had sent to the trial court, which indicates that 15 percent of 127 computes to 19.05.

and screaming," "out of control," "scared," "twitching," and repeatedly asked for a cigarette. Guerra saw that her hall closet had been emptied, a perfume bottle was broken on the floor, and table drawers and a box had been opened. Guerra immediately noticed that $500 in cash and a money order for $425 were missing from a table. Guerra was going to use this money to pay her rent of $925, which was due on September 3. Guerra also noticed that appellant was wearing a chain on which Guerra kept a gold army eagle medallion that Guerra had inherited from her father.

For 15 minutes, Guerra and appellant talked and Guerra asked for the medallion back. Appellant would say that she would give it back and then deny having it. Guerra tried to remain calm, because appellant was "obviously not calm." Appellant left the apartment promising to bring the medallion back. For an hour, Guerra sat outside her apartment waiting and trying to persuade appellant to return the medallion while appellant wandered around. Guerra gave up hope of getting the money back. Guerra did not want to call the police because appellant's aunt was her friend. Guerra asked the aunt to look for the "golden eagle," but it was never recovered. Guerra eventually called the police and appellant was arrested.

We are satisfied that appellant's appointed counsel has fully complied with his responsibilities. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is hereby modified to reflect that an additional day of conduct credit is awarded for a total of 19 days of conduct credit. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.